UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MICHAEL DIGNAM, INDIVIDUALLY AND ON BEHALF OF MYSKE INC. AND PMRC INC. | CIVIL ACTION NO. 14-1029 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MARY M. CHUMLEY, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court are "Motions and Defenses Presented Pursuant to FRCP 12" filed by Defendants Mary M. Chumley ("Chumley") and The Council for the Advancement of Social Services and Education ("CASSE"). See Record Document 4. Chumley and CASSE filed a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted regarding Plaintiff Michael Dignam's ("Dignam" or "Plaintiff Dignam") breach of contract and fraud claims. See id. Dignam has asserted these claims individually and on behalf of MYSKE, Inc. and PMRC, Inc. Chumley and CASSE filed a Rule 12(c) motion for judgment on the pleadings as to the claims asserted individually by Dignam and as to the claims asserted against Chumley individually. See id. To date, the Rule 12 motions are unopposed by Dignam. For the reasons which follow, Defendants' Rule 12 motions are **GRANTED**.[1]

## FACTUAL BACKGROUND

CASSE is a 501(c)(3) nonprofit corporation organized under the laws of the State of Louisiana and domiciled in Caddo Parish, Louisiana. See Record Document 1 at 2. In

---

[1]Alternatively, Defendants filed motions pursuant to Rule 12(b)(7) and Rule 12(e). Because the Court has granted the motions under Rule 12(b)(6) and Rule 12(c), it need not consider the arguments presented under Rule 12(b)(7) and Rule 12(e).

late 2000 or early 2001, CASSE applied for and received a grant from the Health Resources and Services Administration for a program under Special Projects of Regional and National Significance. See id. at 3-4. The grant CASSE received was a three-year implementation grant to be used for a community-based abstinence education project. See id. at 4. CASSE hired Gail Dignam, the wife of Plaintiff Dignam, to be the program coordinator responsible for administering the grant money and ensuring compliance with all federal laws pertaining to such grants. See id.

Gail Dignam then entered into separate contracts on July 11, 2003 on behalf of "CASSE/Friends 4 Teens" with PMRC, Inc. and MYSKYE, Inc. See id. at 5. Friends 4 Teens Foundation is a Nevada corporation that is not currently a party to this lawsuit, but appears to be the creation of Gail Dignam. See id. Plaintiff Dignam was the sole shareholder of PMRC, Inc. and MYSKYE, Inc., and he remains the sole shareholder of both corporations. See Record Document 1-1, ¶ 2. After partial performance of the contract and CASSE's payment of about $70,000 each to PMRC, Inc. and MYSKYE, Inc., CASSE investigated the situation and provided information to the FBI about Gail Dignam, PMRC, Inc. and MYSKYE, Inc. in May, 2004. See Record Document 1 at 6. CASSE also ceased payment on the contracts, both because it was dissatisfied with the companies' performance and because it did not want to expose itself to any potential liability for violating federal law in relation to the distribution of grant funds. See id.

Gail Dignam became the executive in charge of administering the Louisiana Governor's Office on Abstinence ("GPA"). See id. at 7, citing United States v. Dignam, 716 F.3d 915, 917-20. In this position she funneled public money to relatives in other states. See id. In October 2011, she was sentenced to 70 months in prison for two counts of mail

fraud committed while she held the administrative position with the GPA. See id.

On April 21, 2014, Plaintiff Dignam, individually and on behalf of PMRC, Inc. and MYSKYE, Inc., filed suit against Chumley individually and CASSE for breach of contract and fraud. See Record Document 1-1. Dignam seeks $79,000 in damages for breach of contract, an unspecified amount of general damages for fraud, punitive damages, interest, and attorney's fees. See id. Dignam filed this matter in state court in Caddo Parish, Louisiana and Defendants removed the matter to this Court. See Record Document 1.[2]

Now before the Court are Defendants' Rule 12 motions. See Record Document 4. A Notice of Motion Setting was issued by the Clerk of Court on May 30, 2014. See Record Document 5. The Notice provided: "Any party who opposes the motion may file a memorandum in opposition within fourteen (14) calendar days from the date of this notice." Id. To date, Dignam has filed no opposition and the fourteen (14) calendar day period has expired.

## LAW AND ANALYSIS

**I.  Legal Standards.**

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief. This rule requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2). The standard for the adequacy of complaints under Rule 8(a)(2) changed from the

---

[2] The Court has drawn some facts from the Notice of Removal solely to enhance its understanding of the facts of the case; such use is permissible in deciding a Rule 12(b)(6) motion. See Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000); Reynolds v. Bank of Am., N.A., No. 12-1420, 2013 U.S. Dist. LEXIS 30302, at *2 n.1 (N.D. Tex. May 8, 2013).

old, more plaintiff-friendly "no set of facts" standard to a "plausibility" standard found in Bell Atlantic v. Twombly and its progeny. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007). Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-556, 127 S.Ct. at 1965. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

Rule 9(b) governs the requirements for pleadings that allege fraud. According to this rule, "a party must state with particularity the circumstances constituting fraud." F.R.C.P. 9(b). A plaintiff bringing a fraud claim must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." ABC Arbitrage v. Tchuruk, 291 F.3d 336, 350 (5th Cir. 2002). The standard for pleading fraud is, therefore, a higher standard than the standard for pleading other types of claims that fall under the Rule 8(a)(2) standard.

In deciding a Rule 12(b)(6) motion to dismiss, a court "may not go outside the pleadings." Colle v. Brazos County, Texas, 981 F.2d 237, 243 (5th Cir. 1993). Courts must also accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. However, courts do not have to accept legal conclusions as facts. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See id. at 678-679, 129 S.Ct. at 1949-1950. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted.

See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558, 127 S.Ct. at 1966.

A 12(c) motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6). See Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2008).

## II.  Analysis.

### A.  Rule 12(b)(6) Motion to Dismiss Breach of Contract Claims.

When a complaint makes conclusory statements about the plaintiff's entitlement to relief for breach of contract without supporting such statements with facts that indicate that the claims are plausible, the court should grant the defendant's 12(b)(6) motion to dismiss. See Iqbal, 556 U.S. at 678-679, 129 S.Ct. at 1949-1950. In Iqbal, the plaintiff's complaint alleged discrimination against the plaintiff based on race, religion or national origin in violation of Amendments I and V of the United States Constitution, leading to his detention. See id. The Court found that though these allegations were neither unrealistic nor nonsensical, they were bare allegations coupled with a legal conclusion, and therefore did not meet the requirements of Rule 8(a)(2). See id. at 679-684, 129 S.Ct. at 1950-1953.

Here, Dignam has failed to plead any specific facts about the contract, other than the parties to the contract and the date of formation. Dignam's complaint does not identify the products and services involved in the contract, nor does it identify the time of the alleged breach. In Iqbal, the complaint at least provided a factual context for the plaintiff's allegations and a potential correlation between the plaintiff's alleged injury and the defendant's actions. Conversely, the complaint in the instant matter gives virtually no context or background for the contract. Instead, the complaint merely states that the

parties entered a contract for "certain products and services," and that the defendants made only partial payments on the contracts. Record Document 1-1 at 2. The documents attached to the complaint, which appear to constitute the alleged contract, list the products and services that were to be delivered. Yet, the complaint itself neither identifies what services and products had been delivered at the time of breach, nor lists the products and services it alleges were delivered after the breach occurred. See id. at 16-22.

Plaintiffs' bare assertions in this case "amount to nothing more than a 'formulaic recitation of the elements'" of a breach of contract claim. Iqbal, 556 U.S. at 681, 129 S.Ct. at 1951. If in fact the determination of "whether a complaint states a plausible claim" is a "context-specific task," it stands to reason that a near-complete lack of any context for a plaintiff's claims means that the claim has not graduated from the status of a possible claim to that of a plausible claim. See id. at 679, 129 S.Ct. at 1950. This fact allows the court to only infer "the mere possibility of misconduct" on the part of the defendant, which is inadequate to state a claim for relief under the Twombly and Iqbal standard. See id. at 678-679, 129 S.Ct. at 1950. As such, Plaintiffs Dignam, PMRC, Inc., and MYSKYE, Inc. have failed to state a claim upon which relief can be granted. Defendants' Rule 12(b)(6) motion is **GRANTED** with respect to the breach of contract claims.

### B. Rule 12(b)(6) Motion to Dismiss Fraud Claims.

When a complaint fails to plead any particular facts relating to and supporting a fraud allegation, then the complaint has failed to meet the pleading requirement of Rule 9(b) that "a party must state with particularity the circumstances constituting fraud." F.R.C.P. 9(b); see also ABC Arbitrage, 291 F.3d at 348-352. It is unclear if Dignam, a *pro se* litigant, intended the use of the word "defrauded" in his complaint to equate to a fraud claim.

Record Document 1-1 at 2.  If the Court assumes, for the purposes of this motion, an allegation of fraud in addition to the breach of contract claim, such allegation does not meet the heightened pleading standard for fraud claims.  The complaint is devoid of any of the required fraud elements set forth in ABC Arbitrage, 291 F.3d at 348-352.  Therefore, Defendants' Rule 12(b)(6) motion to dismiss is **GRANTED** as to the fraud claims.

### C. Rule 12(c) Motion for Judgment on the Pleadings to Dismiss Defendant Chumley Individually and Plaintiff Dignam Individually.

The complaint is devoid of any factual allegation that Plaintiff Dignam in his individual capacity entered into a contract with any of the named Defendants.  See Record Document 1-1 at 2-5.  The same is true as to the absence of any factual allegation that Defendant Chumley in her individual capacity entered into a contract with any of the named Plaintiffs.  See id.  The only reference to Chumley in the complaint is the allegation that she hired her own son and others and paid them with funds owed to Plaintiffs.  See Record Document 1-1 at 3.  Even if this allegation is accepted as true, the complaint does not allege a connection between Chumley and CASSE, and it does not allege any contractual relationship between Chumley and any of the Plaintiffs.  Taking the allegations of the complaint as true and applying the Rule 12(b)(6) legal standard, the Court finds that the complaint fails to meet Rule 8(a)(2)'s requirement for a "short and plain statement of the claim showing that the pleader is entitled to relief" (emphasis added).  F.R.C.P. 8(a)(2).  Therefore, Defendants' 12(c) motion for judgment on the pleadings is **GRANTED** and Plaintiff Dignam individually and Defendant Chumley individually are **DISMISSED** as parties to this action.

## CONCLUSION

The Court finds that the dismissal of the breach of contract and fraud claims is appropriate because Plaintiffs have failed to meet the minimum pleading standards for such claims under Rules 8(a)(2) and 9(b). Thus, Defendants' Rule 12(b)(6) motion regarding the breach of contract and fraud claims is **GRANTED**. Likewise, Defendants' Rule 12(c) motion is **GRANTED**, as the complaint never alleges that Defendant Chumley or Plaintiff Dignam were parties to any of the relevant contracts.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of July, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE